## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

PM HOLDINGS, LLC,
an Arizona Limited Liability Company,

      Plaintiff,

v.

HEART OF TEXAS SURGERY CENTER, PLLC,
a Texas Professional Limited Liability Company;
and
HEART OF TEXAS CATH LAB, PLLC
a Texas Professional Limited Liability Company,

      Defendants.

Civil Action No. 6-21-cv-00644

**Jury Trial Demanded**

## COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

Plaintiff PM Holdings, LLC, by its undersigned attorneys, for its Complaint against Defendants Heart of Texas Surgery Center, PLLC and Heart of Texas Cath Lab, PLLC, states and alleges as follows:

### I.    THE PARTIES

1.    Plaintiff PM Holdings, LLC ("PMH" or "Plaintiff") is an Arizona limited liability company having a principal place of business in Paradise Valley, Arizona 85253.

2.    Defendant Heart of Texas Surgery Center, PLLC ("Heart of Texas Surgery Center") is a Texas professional limited liability company having a principal place of business at 7003 Woodway Drive, Suite 307, Woodway, Texas 76712.  Defendant Heart of Texas Cath Lab, PLLC ("Heart of Texas Cath Lab") is a Texas professional limited liability company, also having a principal place of business at 7003 Woodway Drive, Suite 307, Woodway, Texas 76712.  Heart of

Texas Surgery Center and Heart of Texas Cath Lab are collectively referred to herein as "Heart of Texas" or "Defendants."

## II.    JURISDICTION AND VENUE

3.      This action arises under the Patent Act, 35 U.S.C. §§ 101, *et seq.*  The infringing acts of Defendants, as complained of herein, were committed in this District and have caused and continue to cause PMH injury in this district.  The Court has original jurisdiction over the parties and the claims asserted in this action pursuant to 28 U.S.C. §§ 1331 and 1338.

4.      This Court has personal jurisdiction over Defendants because they have committed, and continue to commit, acts of infringement in this District, have conducted business in this District, and/or have engaged in continuous and systematic activities in this District.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1400 because Defendants are headquartered here, and/or have a regular and established place of business in this District and have committed acts of infringement in this District.

## III.    GENERAL ALLEGATIONS

### A.    Plaintiff PM Holdings, LLC

6.      The founder and managing partner of Plaintiff PM Holdings, LLC is Dr. L. Philipp Wall, MD, who since 1997 has been a board-certified vascular surgeon in Arizona.  For the past 24 years, Dr. Wall has been a practicing physician and specifically within the past 16 years, Dr. Wall has been performing vascular-related surgeries in Arizona.

7.      Traditionally, cardio-vascular related procedures have been performed in in-patient facilities, i.e. hospitals, which offer combined surgical and fixed imaging services in a single, hybrid operating room.  This hybrid model was only available in hospitals, which are generally designed with a variety of special features to meet the strict safety requirements for radiology.

Indeed, and conventionally, large hospitals were thought to be the only types of facilities that could accommodate the needed infrastructure for the large radiological equipment, high electrical requirements, and radiation shielding.

8.     Around this time, smaller, standalone, outpatient surgical facilities, known as ambulatory surgical centers ("ASCs"), were becoming more popular and widespread.  ASCs can be constructed in office buildings that have much less strict code requirements, and therefore, can be built with significant cost savings compared to the cost to build a hospital.  For example, an IBC Class B structure, which may house an ASC, will have significantly less strict construction requirements than an IBC Class I-2 hospital structure. Similarly, the air exchange and other requirements may be much less strict for ASCs than for hospitals.  However, due to the ASC's less stringent building requirements, the common belief was that the hybrid operating room was still relegated to larger hospitals that utilized stricter building requirements.

9.     Dr. Wall, recognizing the utility of integrating the hybrid operating room into the ASC model, set out to invent and design a system that would enable them to be incorporated into ASCs.  Dr. Wall's inventive design enables stand-alone ASCs to operate upon and to image a patient in the same room, thus negating the need to move a patient for one purpose or the other. Patents covering Dr. Walls inventive concepts were applied for and granted and applications covering additional concepts are currently pending.

**B.     The Patents-In-Suit**

10.     U.S. Patent 9,322,188 ("the '188 Patent") titled "Hybrid Operating Room for Combined Surgical and Fixed Imaging Services in an Ambulatory Surgical Center" was filed on December 4, 2014, and is a Continuation of Application No. 14/219,880, filed on March 19, 2014. The United States Patent and Trademark Office ("USPTO") duly and legally issued the '188 Patent

on April 26, 2016.  A copy of the '188 Patent is attached hereto as Exhibit A and incorporated herein by reference.

11.     Independent Claim 16 of the '188 Patent is representative of the subject matter of the '188 Patent and is set forth in its entirety below.

> A stationary ambulatory surgical center, comprising:
>
> a hybrid operating room;
>
> an imaging device disposed in the hybrid operating room and configured to use radiation, wherein the hybrid operating room is configured to shield the radiation from use of the imaging device;
>
> an operating table disposed in the hybrid operating room;
>
> a power room near the operating room, wherein the power room comprises a power supply for the imaging device;
>
> an air change system, wherein the air change system is configured to provide at least six air changes per hour to the hybrid operating room;
>
> a conduit from the power room to the imaging device configured to deliver power to the imaging device; and
>
> a door connecting the hybrid operating room to at least one hallway,
>
> wherein a building for the ambulatory surgical center is initially constructed to conform to International Building Code (IBC) Class B standards.

12.     U.S. Patent 9,334,664 ("the '664 Patent") titled "Hybrid Operating Room for Combined Surgical and Fixed Imaging Services in an Ambulatory Surgical Center" was filed on December 4, 2014, and is a Continuation-In-Part to Application No. 14/219,880, filed on March 19, 2014.  The USPTO duly and legally issued the '664 Patent on May 10, 2016. A copy of the '664 Patent is attached hereto as Exhibit B and incorporated herein by reference.

13.     Independent Claim 22 of the '664 Patent is representative of the subject matter of the '664 Patent and is set forth in its entirety below.

A building, comprising:

a hybrid operating room, wherein the hybrid operating room comprises radiation shielding;

an imaging device disposed in the hybrid operating room;

an operating table disposed in the hybrid operating room;

a power room near the operating room, wherein the power room comprises a power supply for the imaging device;

an air change system, wherein the air change system is configured to provide at least six room air changes per hour to the hybrid operating room;

a door connecting the hybrid operating room to at least one hallway;

a conduit from the power room to the imaging device configured to deliver power to the imaging device,

wherein the building includes 20,000 square feet or less of floor space,

wherein the building is initially constructed to conform to International Building Code (IBC) Class B standards.

14.     The '188 Patent and the '664 Patent are together referred to as "the Asserted Patents."

15.     Dr. Wall assigned the Asserted Patents to PMH, which owns all rights, title, and interest in and to the Asserted Patents, including the right to collect all due and owing past damages for infringement thereof.

## C.     **The Heart Of Texas Defendants**

16.     Upon information and belief, Defendants operate an ambulatory surgical center, located at 7003 Woodway Drive, Suite 307, Woodway, Texas 76712. According to Defendants' website, they offer cardiovascular procedures at the site, including: cardioversion; carotid angiography; coronary angiography, atherectomy, angioplasty, stenting; device implantation/replacement (pacemaker, defibrillator); and peripheral angiography, atherectomy,

angioplasty, stenting.  *See* https://wacohsc.com/services/ (last visited June 18, 2021).  The website

further describes an angiography procedure as follows:

> A Coronary Angiogram is a procedure **that uses X-ray imaging** to look at your
> heart's blood vessels. For your Angiogram, you will be taken **to our onsite Cardiac
> Catheterization Lab** where a small catheter will be inserted into your heart
> through an artery or a vein. Dye is injected to allow the doctor to see the blood flow
> in your heart and coronary arteries, **and X-rays pictures will be taken**. The results
> of your Angiogram will assist your cardiologist in diagnosis and prevention of a
> number of concerns.

*Id.* (emphasis added).

17.    Upon information and belief, Defendants remodeled their facility in or

around 2016, with this remodel adding the "Cardiac Catheterization Lab" referenced above.

Defendants' Cardiac Catheterization Lab is a hybrid operating room as claimed by the Asserted

Patents, and includes an X-ray imaging device, an operating table, a nearby power room, conduit

running from the power room, an air change system with significant volume capacity, a door to a

hallway, and was built in conformity with IBC Class B standards.  Publicly available architectural

and design drawings, labeled "Heart of Texas Surgery Center, 7003 SW Woodway Dr., Suite 307,

Waco, Texas 76712, Project No. 15215, Project Mgr: LP, Assisted By: GG, JH, CFR, Date:

4/5/2016", disclose relevant details of the facility and confirm that it meets and/or its use meets all

limitations of claims set forth in the Asserted Patents.

**D.    Patent Infringement By Heart Of Texas**

18.    Operation of the hybrid operating room within the Heart of Texas facility directly

infringes one or more of the '188 Patent claims without authority of PMH.  More specifically and

without limitation, Defendants have been and are directly infringing, either literally or under the

doctrine of equivalents, at least Claim 16 of the '188 Patent by constructing, using, and/or

conducting surgical procedures or offering surgical procedures to be conducted in their hybrid

operating room.  A claim chart further detailing infringement of the Claim 16 of the '188 Patent is attached as Exhibit C and incorporated herein by reference in its entirety.

19.     Operation of the hybrid operating room within the Heart of Texas facility directly infringes one or more of the '664 Patent claims without authority of PMH.  More specifically and without limitation, Defendants have been and are directly infringing, either literally or under the doctrine of equivalents, at least Claim 22 of the '664 Patent by constructing, using, and/or conducting surgical procedures or offering surgical procedures to be conducted in their  hybrid operating room.  A claim chart further detailing infringement of the Claim 22 of these claims of the '664 Patent is attached as Exhibit D and incorporated herein by reference in its entirety.

20.     Defendants' construction and/or use of the hybrid operating rooms in connection with procedures for which they were designed constitutes infringement of at least one claim of each of the Asserted Patents, as discussed in more detail below (collectively, the "Accused Products").

21.     At least as early as May 5, 2021, Defendants have had actual knowledge of the Asserted Patents and of their infringement thereof through written notice.  A copy of the notice is attached as Exhibit E and is incorporated herein by reference in its entirety.  The notice requested Defendants respond to PMH's counsel within two weeks.  The notice was sent by Federal Express to the 7003 Woodway Drive, Suite 307, Woodway, Texas 76712 address, as well as to Defendants' registered agent for service of process.  To date, Defendants have not responded to the notice and upon information and belief, have continued to willfully and wantonly conducted procedures utilizing the infringing Accused Products.

22.     Defendants know that the making and use of the Accused Products infringe the Asserted Patents.  Nevertheless, Defendants did not regularize their activities when give a chance

to do so and their continuing conduct is thus knowing, willful, and exceptional under 35 U.S.C. §§ 284-285.

## IV.    FIRST CLAIM FOR RELIEF
### (Patent Infringement Under 35 U.S.C. § 271(a) – U.S. Patent No. 9,322,188)

23.    The allegations set forth in paragraphs 1 through 22 are hereby realleged and incorporated herein by reference.

24.    With knowledge of the '188 Patent, Defendants directly and literally, or in the alternative under the doctrine of equivalents, infringe one or more claims of the '188 Patent, in violation of 35 U.S.C. § 271(a), in this district, by owning and operating the Accused Products.

25.    Defendants have had actual knowledge of the '188 Patent at least as early as the notice provided to it by PMH on May 5, 2021.  Defendants knew that the Accused Products infringed the '188 Patent.  Defendants' infringement of the '188 Patent was willful and in wanton disregard for PMH's patent rights.

26.    Defendants' acts of infringement have occurred within this district.  Based upon the facts and circumstances alleged herein, Defendants' infringement of the '188 Patent was and is being committed willfully.

27.    Defendants are liable to PMH in an amount that adequately compensates it for Defendants' infringement in an amount that is not less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

28.    PMH has been damaged and will suffer additional damages and irreparable harm unless Defendants are enjoined from further infringement under 35 U.S.C. § 283.

## V.    SECOND CLAIM FOR RELIEF
### (Patent Infringement Under 35 U.S.C. § 271(a) – U.S. Patent No. 9,334,664)

29.    The allegations set forth in paragraphs 1 through 28 are hereby realleged and incorporated herein by reference.

30.    With knowledge of the '664 Patent, Defendants, directly and literally, or in the alternative under the doctrine of equivalents, infringes one or more claims of the '664 Patent, in violation of 35 U.S.C. § 271(a), in this district by owning and operating the Accused Products.

31.    Defendants have had actual knowledge of the '664 Patent at least as early as the notice provided to it by PMH on May 5, 2021.  Defendants knew that the Accused Products infringed the '664 Patent.  Defendants' infringement of the '664 Patent was willful and in wanton disregard for PMH's patent rights.

32.    Defendants are liable to PMH in an amount that adequately compensates it for Defendants' infringement in an amount that is not less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

33.    PMH has been damaged and will suffer additional damages and irreparable harm unless Defendants are enjoined from further infringement under 35 U.S.C. § 283.

## VI.    PRAYER FOR RELIEF

WHEREFORE, PMH prays for judgment in its favor and against Defendants as follows:

A.    That Defendants have infringed one or more claims of the Asserted Patents;

B.    That Defendants, their officers, directors, agents, servants, employees, privies, representatives, attorneys, parent and subsidiary corporations or other related entities, successors, assigns, licensees, retail distributors, and all persons in active concert or participation with any of them, be enjoined from infringing the Asserted Patents or, in the alternative, be compelled to enter

into a patent license with PMH authorizing the continued operation of the Accused Products relative to the Asserted Patents;

C.      That PMH be awarded damages in an amount to be determined at trial for Defendants' infringing activities, which are no less than a reasonable royalty;

D.      That PMH be awarded treble damages by reason of any willful, wanton, and deliberate infringement found under 35 U.S.C. § 284;

E.      That PMH be awarded its pre-judgment and post-judgment interest;

F.      That PMH be awarded its costs and expenses of suit, including expert witness fees;

G.      That PMH be awarded its attorneys' fees should this be found to be an exceptional case under 35 U.S.C. § 285;

H.      That Defendants be required to account for all gains, profits, advantages, and unjust enrichment derived from its violations of law; and

I.      That PMH be awarded other and further relief as the Court deems appropriate and just.

## VII.   <u>JURY DEMAND</u>

Pursuant to Fed. R. Civ. P. 38, PMH demands a trial by jury on all issues so triable.

Dated: June 21, 2021                    Respectfully submitted,

                                        By: */s/ Michael C. Smith*
                                             Michael C. Smith
                                             Michael.Smith@solidcounsel.com
                                             Scheef & Stone, LLP
                                             113 East Austin Street
                                             Marshall, Texas  75670
                                             Telephone: 903-938-8900

                                             Robert R. Brunelli (to be admitted *pro hac vice*)
                                             rbrunelli@sheridanross.com
                                             Patricia Y. Ho (to be admitted *pro hac vice*)
                                             pho@sheridanross.com
                                             Matthew C. Miller (to be admitted *pro hac vice*)
                                             mmiller@sheridanross.com
                                             SHERIDAN ROSS P.C.
                                             1560 Broadway, Suite 1200
                                             Denver, Colorado 80202
                                             Telephone: (303) 863-9700
                                             Facsimile: (303) 863-0223
                                             litigation@sheridanross.com

                                        ATTORNEYS FOR PLAINTIFF
                                        PM Holdings, LLC