IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **PM HOLDINGS, LLC,**<br>　　　　*Plaintiff,*<br><br>v.<br><br>**HEART OF TEXAS SURGERY CENTER, PLLC, and HEART OF TEXAS CATH LAB, PLLC,**<br>　　　　*Defendants.* | § § § § § § § § § § §　CIVIL NO.: 6:21-CV-00644-ADA |

## ORDER DENYING MOTION TO DISMISS

Before the Court is the Motion to Dismiss. Dkt. 14. After considering the briefing, the Court **DENIES** the Motion to Dismiss.

### I.　　BACKGROUND

Plaintiff PM Holdings, LLC ("Plaintiff") sued Defendants Heart of Texas Surgery Center, PLLC and Heart of Texas Cath Lab, PLLC (collectively, "Defendants") for infringement U.S. Patent No. 9,322,188 ("'188 Patent") and U.S. Patent No. 9,334,664 ("'664 Patent") (collectively, "Asserted Patents"). Defendants moved to dismiss under Rule 12(b)(6) for invalidity under 35 U.S.C. § 101 and for failure to state a claim under 35 U.S.C. § 271.

For resolving this motion, the Court assumes the following facts from the pleadings are true. Defendants operate an ambulatory surgical center at 7003 Woodway Drive, Suite 307, Woodway, Texas 76712. Dkt. 1 ¶ 16. There, Defendants offer cardiovascular procedures. *Id.* "Defendants remodeled their facility in or around 2016, with this remodel adding the 'Cardiac Catheterization Lab.'" *Id.* ¶ 17. The facility now includes a hybrid operating room that contains the components described by Plaintiff in Exhibits C and D of the Complaint.

1

Plaintiff alleges that construing and using the hybrid operating room within the Heart of Texas facility directly infringes the '188 Patent, including claim 16. *Id.* ¶ 18. Plaintiff also alleges that constructing and using the hybrid room directly infringes the '664 Patent, including claim 22. *Id.* ¶ 19.

Defendants argue claim 16 of the '188 Patent as a representative claim, and it recites:

> 16. A stationary ambulatory surgical center, comprising:
>     a hybrid operating room;
>     an imaging device disposed in the hybrid operating room and configured to use radiation, wherein the hybrid operating room is configured to shield the radiation from use of the imaging device;
>     an operating table disposed in the hybrid operating room;
>     a power room near the operating room, wherein the power room comprises a power supply for the imaging device;
>     an air change system, wherein the air change system is configured to provide at least six air changes per hour to the hybrid operating room;
>     a conduit from the power room to the imaging device configured to deliver power to the imaging device; and
>     a door connecting the hybrid operating room to at least one hallway,
>     wherein a building for the ambulatory surgical center is initially constructed to conform to International Building Code (IBC) Class B standards.

Defendants argue claim 22 of the '664 Patent as a representative claim, and it recites:

> 22. A building, comprising:
>     a hybrid operating room, wherein the hybrid operating room comprises radiation shielding;
>     an imaging device disposed in the hybrid operating room;
>     an operating table disposed in the hybrid operating room;
>     a power room near the operating room, wherein the power room comprises a power supply for the imaging device;
>     an air change system, wherein the air change system is configured to provide at least six room air changes per hour to the hybrid operating room;
>     a door connecting the hybrid operating room to at least one hallway;
>     a conduit from the power room to the imaging device configured to deliver power to the imaging device,
>     wherein the building includes 20,000 square feet or less of floor space,
>     wherein the building is initially constructed to conform to International Building Code (IBC) Class B standards.

## II. LEGAL STANDARD

### A. Motion to Dismiss Standard

"Under Fed. R. Civ. P. 12(b)(6), a court may dismiss an action that fails to state a claim upon which relief may be granted." *Affinity Labs of Tex., LLC v. DirecTV, LLC*, 109 F. Supp. 3d 916, 931 (W.D. Tex. 2015), *aff'd* 838 F.3d 1253 (Fed. Cir. 2016); *see id*. n.4 (regional circuit law applies to procedural issues in patent cases). To pass muster, a complaint must state sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). In considering a Rule 12(b)(6) motion, "[t]he Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmoving party]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quotation omitted). Documents attached to the complaint—here, the Asserted Patents—are part of the pleadings, and they may be considered in ruling on a motion to dismiss. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Patent Eligibility under 35 U.S.C. § 101

Section 101 of the Patent Act defines the subject matter eligible for patent protection: "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." 35 U.S.C. § 101. However, courts have long recognized that laws of nature, natural phenomena, and abstract ideas are not patentable under § 101 because they are "the basic tools of scientific and technological work." *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014) (citations omitted).

In *Alice*, the Supreme Court articulated a two-step framework for distinguishing patents that claim laws of nature, natural phenomena, and abstract ideas from those that claim patent-eligible applications of those concepts. *Id*. at 217. In *Alice* step one, the court must "determine

whether the claims at issue are directed to one of those patent-ineligible concepts." *Id*. In doing so, the court must be careful not to over generalize the invention because "all inventions at some level embody, use, reflect, rest upon, or apply laws of nature, natural phenomena, or abstract ideas." *Id*. (quoting *Mayo Collaborative Servs. v. Prometheus Lab'ys, Inc.*, 566 U.S. 66, 71 (2012)). Instead, "the claims are considered in their entirety to ascertain whether their character as a whole is directed to excluded subject matter." *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1312 (Fed. Cir. 2016) (citation omitted). If the claims are not directed to one of those patent-ineligible concepts, the inquiry ends. If the claims are directed to one of those patent-ineligible concepts, then the inquiry proceeds to step two of the *Alice* framework.

In *Alice* step two, the court considers whether the claims contain an "inventive concept" sufficient to "transform the nature of the claim into a patent-eligible application." *Alice*, 573 U.S. at 217–18 (quotation omitted). In doing so, the court considers "the elements of each claim both individually and 'as an ordered combination'" to determine whether they are "'sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself.'" *Id*. (quoting *Mayo*, 566 U.S. at 72–73). *Alice* step two is satisfied when the claim limitations "involve more than performance of 'well-understood, routine, [and] conventional activities previously known to the industry.'" *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1367 (Fed. Cir. 2018) (quoting *Alice*, 573 U.S. at 225 and *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1347–48 (Fed. Cir. 2014)). However, to recite an inventive concept, a patent must do more than recite an abstract idea "while adding the words 'apply it.'" *Alice*, 573 U.S. at 221 (quoting Mayo, 566 U.S. at 72). "[S]imply appending conventional steps, specified at a high level of generality, to laws of nature, natural phenomena, and abstract ideas cannot make those laws, phenomena, and ideas patentable." *Mayo*, 566 U.S. at

82. Likewise, "the mere recitation of a generic computer cannot transform a patent-ineligible abstract idea into a patent-eligible invention." *Alice*, 573 U.S. at 223.

"While the ultimate determination of eligibility under § 101 is a question of law, like many legal questions, there can be subsidiary fact questions which must be resolved en route to the ultimate legal determination." *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1128 (Fed. Cir. 2018). As such, "[t]he question of whether a claim element or combination of elements is well-understood, routine and conventional to a skilled artisan in the relevant field is a question of fact" that must be "proven by clear and convincing evidence." *Berkheimer*, 881 F.3d at 1368. Additionally, specific improvements described in a patent specification, "to the extent they are captured in the claims, [may] create a factual dispute regarding whether the invention describes well-understood, routine, and conventional activities." *Id.* at 1369. However, "[w]hen there is no genuine issue of material fact regarding whether the claim element or claimed combination is well-understood, routine, conventional to a skilled artisan in the relevant field, [patent eligibility] can be decided on summary judgment as a matter of law." *Id*. at 1368. If the movant accepts pleaded facts as true, a Court may resolve the Section 101 dispute on the pleadings. Courts can properly resolve the issue on a motion to dismiss. *See Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018) ("Patent eligibility has in many cases been resolved on motions to dismiss or summary judgment.").

### C.   35 U.S.C. § 271(a)

Title 35 of the U.S. Code, section 271(a) provides the statutory basis for infringement and reads:

> Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

5

## III.     DISCUSSION

### A.     The Asserted Patents

Both of the asserted patents claim a facility containing at least a hybrid operating room, an imaging device, an operating table, a power room, an air change system, a conduit, and a door. In claim 16 of the '188 Patent, the facility is a stationary ambulatory surgical center within a building. In claim 22 of the '664 Patent, the claimed facility is the building. The remaining differences between the asserted claims of the two patents do not affect the *Alice* analysis.

### B.     *Alice* Step One

Defendants contend that claims of the Asserted Patents directed to the abstract idea "that an operating room that contains both surgical and fixed imaging services, which existed previously in both hospitals, can also be constructed in an ambulatory surgical center or office building." Dkt. 14 at 5.

The Court disagrees that Plaintiff identified an abstract idea or that the claims are directed to the proposed idea. Whether certain components from one type of physical facility can be constructed in a different type of physical facility is not akin to any post-*Alice* idea identified by the Federal Circuit. Defendants' brief offers no post-*Alice* case identifying an abstract idea similar to what Defendants propose. To the extent Defendants argue that the components are "nothing new" under *Alice* step one, this is the wrong analysis.

The Court finds the claims are not directed to what Defendants identify as the abstract idea. Instead, the claims are directed to physical structures that include physical rooms (hybrid operating room and power room) with physical devices (imaging device, an operating table) and other physical components (air change system, door, conduit). Neither the individual physical components nor the collection are in any sense "abstract." Moreover, the claims are not directed

to whether "an operating room that contains both surgical and fixed imaging services . . . **can also be constructed** in an ambulatory surgical center or office building," as argued by Defendants. Dkt. 14 at 5.  The claims contain no inquiry or elements directed to whether such construction is possible.  Even if Defendants intended to argue that the abstract idea is "an operating room that contains both surgical and fixed imaging services **that is** constructed in an ambulatory surgical center or office building," such a physical operating room with physical equipment is not an abstract idea for the reasons stated above.

In conclusion, the claims are not directed to an abstract idea under *Alice* step one.

### C. Plaintiff Sufficiently Pleaded Infringement

Defendants argue that Plaintiff failed to state a viable claim under 35 U.S.C. § 271 because the pleading fails to sufficiently articulate what the accused products are, and Plaintiff fails to adequately identify the infringing acts.  The Court disagrees.

The Complaint identifies the facility at 7003 Woodway Drive, Suite 307, Woodway, Texas 76712.  Dkt. 1 ¶ 2.  Within this facility, Defendant is alleged to have a hybrid operating room.  *Id.* ¶ 20.  Plaintiff's claim charts make plausible allegations against each claimed element.  *Id.* at Exhibits C and D. Because the Asserted Patents claim structural facilities, these parts of the pleadings sufficiently identify the accused products.

As to the infringing acts, Plaintiff accuses defendants of "owning and operating" the Accused Products by operating the hybrid operating room and equipment therein, as well as making the Accused Products when remodeling, and by "constructing, using, and/or conducting surgical procedures" therein.  *Id.* ¶¶ 17-20.  This plausibly states a basis of infringement at least because the remodeling constitutes "making" a patented invention and because using the rooms and equipment constitute "using" a patented invention under 35 U.S.C. § 271.

The Court takes official notice of the documents requested by Defendants, but these documents have no bearing on the Court's analysis. Defendants raise a factual dispute about whether the Defendants actually constructed or used the Accused Products. For example, Defendants argue that its doctors do not perform remodeling and construction work, and thus did not construct or make the accused products. Because Plaintiff plausibly pleaded that Defendants did the "constructing," the Court finds these facts in favor of Plaintiff during the pleadings stage and ends its inquiry there.[1]

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion to dismiss. .

SIGNED this 4th day of April, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

---

[1] More likely, the doctors paid other workers to do the remodeling and construction.